FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 25, 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
URSULA WASHINGTON and
ZIARE COOK,

Plaintiffs,

-against-

Detective ISLUND,

Defendants.
--------------------------------------------------------X

MEMORANDUM & ORDER
15-CV-1162 (ENV) (RML)

VITALIANO, D.J.

Plaintiffs commenced this action on February 24, 2015, alleging constitutional violations during the course of a November 20, 2014 search and arrest. On November 30, 2015, the Court granted plaintiffs' applications to proceed in forma pauperis under 28 U.S.C. § 1915, and directed the United States Marshals Service to serve the summons and complaint upon defendant Detective Islund. On December 21, 2015, the Corporation Counsel of the City of New York (the "Corporation Counsel") notified the Court that there is no member of the New York City Police Department ("NYPD") with the last name "Islund," and, therefore, that the named defendant could not be and had not been served.

As the Corporation Counsel's letter indicates, the United States Marshals Service will not be able to effect service of process without more information. Where such identifying information is lacking, the Second Circuit has held that district courts must provide pro se litigants with reasonable assistance in investigating the identity of such "John Doe" officers. See Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam). In furtherance of that responsibility, the Corporation Counsel is directed to endeavor to ascertain the full name and shield number of the officer from the 88th Precinct involved in the November 20, 2014 search and arrest referred to in plaintiffs' complaint. The City of New York need not, though it may,

undertake to defend or indemnify the identified NYPD officer at this juncture; this Order merely provides a protocol by which this defendant may be properly identified and served. The Corporation Counsel shall provide this information by February 19, 2016.[1]

So Ordered.

Dated: Brooklyn, New York
January 17, 2016

/S/ USDJ VITALIANO

ERIC N. VITALIANO
United States District Judge

---

[1] The Corporation Counsel notes in his letter that "pursuant to Rule 4(m) of the Federal Rules of Civil Procedure . . . if a defendant is not served within ninety days of filing the complaint, the Court must dismiss the action without prejudice against that defendant or order that service be made within a specified time." While an accurate quotation, Rule 4(m) also provides that courts "must extend the time for service" if a plaintiff can demonstrate "good cause." See Fed. R. Civ. P. 4(m). Given that plaintiffs are proceeding pro se and in forma pauperis, should service on the officer in question occur after the 90-day deadline, it would be reasonable to find, under most circumstances, that good cause for an extension of the time to serve has been shown.