UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

URSULA WASHINGTON and ZIARE COOK,

                                Plaintiffs,                 **MEMORANDUM OF**
                                                                   **DECISION AND ORDER**
   -against-                                                15-cv-1162 (LDH) (RML)

DETECTIVE BRIAN ILUND,

                                Defendant.
-------------------------------------------------------------X
LaSHANN DeARCY HALL, United States District Judge:

       Plaintiffs Ursula Washington and Ziare Cook, proceeding *pro se*, filed this action against Defendant Detective Brian Ilund alleging constitutional violations pursuant to 42 U.S.C. § 1983 arising from searches of Plaintiffs' home by Defendant Ilund on November 19 and November 20, 2014. Defendant moves pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(b) to dismiss the Complaint in its entirety.

## BACKGROUND[1]

       Plaintiffs allege that Defendant, with other officers, arrived at their home on November 19, 2014. (Compl. ¶ 3, ECF No. 2.) There, officers questioned Plaintiff Cook and conducted a search of the apartment in an unsuccessful attempt to locate Jamar Cook, Plaintiff Cook's father. (*Id.*) The officers did not present a search warrant. (*Id.*)

       The officers returned the following day. (*Id.*) According to Plaintiffs, officers broke the knocker to their front door and flashed a light through the peephole while banging on the door.

---

[1] The following facts are taken from the Complaint and are not findings of fact by the Court. They are assumed to be true for the purpose of deciding the instant motion and are construed in a light most favorable to Plaintiffs, the non-moving parties.

(*Id.*)  When Plaintiff Washington opened the door, the officers rushed past her, again in search of Jamar Cook.  (*Id.*)  The officers proceeded to search the bedrooms, behind the sofa, and in the closets.  (*Id.*)  Washington asked the officers if they had a search warrant, but no such warrant was presented to her.  (*Id.*)  At some point after the search of the home concluded, Defendant asked Washington her name.  (*Id.*)  Upon learning her name, Defendant arrested Plaintiff Washington pursuant to a bench warrant that had issued in August 2014 for an open container violation.  (*Id.*)

## STANDARD OF REVIEW

To withstand a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (internal citations omitted).  A court considering a 12(b)(6) motion must take factual allegations in the complaint to be true and draw all reasonable inferences in the plaintiff's favor.  *Id.*

At the motion to dismiss stage, the Court "must merely determine whether the complaint itself is legally sufficient."  *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999) (internal citation omitted).  It is not the Court's function to weigh the evidence that might be presented at trial.  *Id.*  The issue before the Court on a Rule 12(b)(6) motion "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to

2

support the claims." *Id.* (citing *Villager Pond Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995), *cert. denied*, 519 U.S. 808 (1996)). Recovery "may appear remote and unlikely on the face of the pleading, but that is not the test for dismissal under Rule 12(b)(6)." *Id.* (citing *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995)).

Where, as here, the plaintiff is proceeding pro se, courts are "obliged to construe the plaintiff's pleadings liberally." *Giannone v. Bank of Am., N.A.*, 812 F. Supp. 2d 216, 219 (E.D.N.Y. 2011). As such, pro se complaints should be read to raise the strongest arguments that they suggest. *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This rule is "particularly so when the pro se plaintiff alleges that her civil rights have been violated." *Id.* (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Accordingly, the dismissal of a pro se claim as insufficiently pleaded is appropriate "only in the most unsustainable of cases." *Rios v. Third Precinct Bay Shore,* No. 08-cv-4641, 2009 WL 2601303, at *2 (E.D.N.Y. Aug. 20, 2009).

## DISCUSSION

### I. Plaintiffs' Fourth Amendment Claim

Defendant argues that dismissal is warranted in this case because: (1) Defendant had a bench warrant for Plaintiff Washington's arrest; (2) the purported search of the apartment amounted to no more than a "quick walk through," not a search; and (3) any search that occurred

3

on November 20, 2014, was a permissible protective sweep to ensure the safety of the officers. (Mem. Law Supp. Def.'s Mot. to Dismiss 7, 9-10, ECF No. 32.) The Court disagrees.

With regard to Defendant's first argument, there is no question that "an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives where there is reason to believe the suspect is within." *Payton v. New York*, 445 U.S. 573, 603 (1980). This authority extends to bench warrants issued for a failure to appear in court. *See Cogswell v. Cty. of Suffolk Deputy Sheriff's Dep't*, 375 F. Supp. 2d 182, 187 (E.D.N.Y. 2005) (authority to enter dwelling to arrest "includes arrests pursuant to bench warrants issued for failing to appear in court"). Accordingly, where a bench warrant is issued for a failure to appear, authorities may "find and seize" the suspect "anywhere they [can] find [her]." *United States v. Spencer*, 684 F.2d 220, 223 (2d Cir. 1982). The existence of a bench warrant, however, does not give law enforcement unfettered authority to enter a suspect's dwelling. Rather, for entry to be lawful, an officer must have "a reasonable belief that the suspect resides at the place to be entered to execute an arrest warrant[.]" *United States v. Lauter*, 57 F.3d 212, 215 (2d Cir. 1995). In addition, and of particular significance here, the officer must have a "reason to believe that the suspect is present." *Id.*; *see also Spencer*, 684 F.2d at 224 (where search of home was conducted pursuant to a bench warrant in connection with misdemeanor charges, court had to "determine[] whether reason existed to believe that the suspect was within his home").

In this case, Plaintiffs allege that officers, including Defendant, entered and searched their home on two separate occasions—each time looking for Jamar Cook. (Compl. ¶ 3.) According to the Complaint, on the first occasion, the officers searched the apartment, but did not present a search warrant. (*Id.*) On the second occasion, Plaintiff Washington alleges that

4

when she answered the door, officers rushed into her home and conducted a search for Jamar Cook. (*Id.*) Plaintiff Washington further alleges that it was only after the officers began searching the residence, and after she asked the officers whether they had a search warrant, that the officers asked for her name and subsequently learned that she had an outstanding bench warrant. (*Id.*) The officers never produced a warrant for Jamar Cook. (*Id.*)

Against this factual backdrop, which the Court must assume to be true, Defendant's argument necessarily fails. Notably, Defendant's argument does not rest on any alleged warrant for the arrest of Jamar Cook, and Defendant makes no mention of any such warrant in his submission. (*See generally* Def.'s Mem.) Instead, Defendant urges dismissal of this case based, in part, on the existence of an outstanding bench warrant for the arrest of Plaintiff Washington. (Def.'s Mem. 7-9.) However, according to the Complaint, the officers were not attempting to "find and seize" Plaintiff Washington on either occasion that they entered and searched her home. (Compl. ¶ 3.) Indeed, had the officers intended to "find and seize" Plaintiff Washington, a search of her home on November 20, 2014, seemingly would not have been necessary because she stood before them as she opened the door. (*Id.*) The only reasonable inference, on the facts alleged, is that the officers were wholly unaware that Plaintiff Washington even resided at the home as the officers went there in search of Jamar Cook. Even if they were aware that Plaintiff Washington resided at the home, there are no allegations that at the time of the search they were aware that a warrant had been issued for Plaintiff Washington's arrest or had any reason to believe that she would be at home. (*Id.*) It certainly may have been fortuitous that, on November 20, in searching for Jamar Cook, the officers happened upon an individual for whom a bench warrant had been issued. That sort of fortuity, however, does not exempt the officers

5

from the limitations placed on searches and seizures in these circumstances. *See United States v. Bohannon*, 824 F.3d 242, 258 (2d Cir. 2016) ("[A]t the time of entry, arresting officers must possess (a) a valid arrest warrant for the subject and (b) reason to believe that the subject is then in the premises."); *accord. Lauter*, 57 F.3d at 214 (2d Cir. 1995). At a minimum, there are far too many factual issues that preclude dismissal. *See Amid v. Police Officer Thomas R. Lamb*, No. 14-cv-3151, 2016 WL 1070814, at *4 (E.D.N.Y. Mar. 15, 2016) (denying motion to dismiss unlawful search claim in light of factual dispute as to events of date at issue); *see also Cancel v. NYPD Comm'r Raymond Kelly*, No. 13-cv-6007, 2016 WL 1559166, at *1 (S.D.N.Y. Apr. 15, 2016) (reversing earlier grant of summary judgment dismissing plaintiff's unlawful search claim where there was a material question of fact as to whether officers were aware of bench warrant for third party when they searched plaintiff's residence). For these reasons, the Court declines to dismiss this case based on the existence of a bench warrant for Plaintiff Washington.

None of Defendant's other arguments warrant dismissal of the case at this juncture. That is, the remaining arguments—that the search was no more than a quick walk through or protective sweep—each raise issues of fact more appropriately raised on summary judgment or at trial. *See, e.g.*, *Amid*, 2016 WL 1070814, at *4 (denying motion to dismiss unlawful search claim where there were factual disputes regarding the events of the date at issue). For this reason, the Court declines to reach these arguments.

## II. Qualified Immunity

A police officer is entitled to qualified immunity if his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (quoting *Harlow v.*

6

*Fitzgerald*, 457 U.S. 800, 818 (1982)).  In assessing whether an officer is entitled to qualified immunity, a court must consider:  "(1) whether plaintiff has shown facts making out [a] violation of a constitutional right; (2) if so, whether that right was 'clearly established'; and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the officer to believe the conduct at issue was lawful."  *Id.* (quoting *Taravella v. Town of Wolcott*, 599 F.3d 129, 133-34 (2d Cir. 2010)).

Defendant maintains that the Court should grant him qualified immunity at this stage because his conduct was objectively reasonable.  (Def.'s Mem. 12.)  Here again, the Court disagrees.  At this stage of the proceeding, the Court is unwilling to make such a finding.  *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004) ("[A] defendant presenting an immunity defense on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept the more stringent standard applicable to this procedural route. Not only must the facts supporting the defense appear on the face of the complaint . . . but, as with all Rule 12(b)(6) motions, the motion may be granted only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" (quoting *Citibank, N.A. v. K–H Corp.,* 968 F.2d 1489, 1494 (2d Cir.1992)).  As alleged, Defendant searched Plaintiffs' apartment without knowledge as to whether there was a warrant for Plaintiff Washington's arrest or whether she was likely to be home at the time of Defendant's entry into the residence.  Under this set of facts, the Court cannot say that Defendant's conduct was objectively reasonable as a matter of law.

Next, the Court declines Defendant's invitation to deem Plaintiffs' objections to qualified immunity "abandoned."  (Reply Mem. Law Further Supp. Def.'s Mot. to Dismiss 8, ECF No.

7

34.) A court may dismiss a claim as abandoned if a plaintiff fails to respond to arguments raised by a defendant in support of dismissal. *See Lipton v. Cty. of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004). However, a court is permitted to exercise discretion in doing so. *Id*. Plaintiffs have submitted a substantial memorandum in opposition to Defendant's motion, setting forth arguments as to why their Fourth Amendment claims should not be dismissed. The Court reads Plaintiffs' submission as challenging the reasonableness of Defendant's conduct on the dates in question and, by extension, Defendant's entitlement to qualified immunity. These submissions are sufficient to overcome Defendant's claims of abandonment.

### III. Failure to Prosecute

The Court also declines to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiffs' failure to prosecute. As a threshold matter, dismissal for failure to prosecute is "a harsh remedy to be utilized only in extreme situations." *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)). In deciding whether to dismiss an action for a plaintiff's failure to prosecute, a court should consider whether: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *U.S. ex rel Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

The Court acknowledges that Plaintiffs failed to appear at the September 21, 2016 pre-motion conference. (*See* Sept. 21, 2016 Min. Entry & Order.)[2] However, the balance of factors weighs against dismissal. That is, the delays caused by Plaintiffs have not been of significant duration, nor has Defendant articulated any prejudice that would result from allowing this action to proceed. *See LeSane*, 239 F.3d at 210 (2d Cir. 2001) (observing that although prejudice from unreasonable delay may be assumed, "there is no evidence in the record that plaintiff's delay in filing his response caused any particular, or specially burdensome, prejudice to defendants beyond the delay itself").

## CONCLUSION

For the aforementioned reasons, Defendant's motion to dismiss the Plaintiffs' Complaint is hereby denied in its entirety.

SO ORDERED:

　　　　/s/LDH　　　　
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
　　　　July 17, 2017

---

[2] Defendant also argues that its motion to dismiss is supported by the fact that Plaintiffs delayed in providing defense counsel with an executed N.Y.C.P.L § 160.50 release. Defense counsel, however, now seems to concede that Plaintiff Cook was not obligated to provide an executed N.Y.C.P.L § 160.50 release. (Def.'s Reply 6-7.)